## WRIGHT v. CONSERVATIVE LOAN CO.

No. 9134—Opinion. Filed Oct. 8, 1918.

(175 Pac. 553.)

(Syllabus.)

### Principal and Agent—Ratifying Agent's Acts —Acceptance of Benefits.

Where plaintiff applied for and obtained a loan upon certain lands, the proceeds of which were deposited in a bank to her credit, where the money was afterwards garnished, and where plaintiff appeared and claimed the money as exempt, which claim of exemption was denied, and the money applied to the satisfaction of a judgment against her. held, that plaintiff cannot obtain cancellation of the notes and mortgage given to secure the loan upon the ground that she had received no consideration therefor.

Appeal from District Court, Love County; W. F. Freeman, Judge.

Action by Odessa Wright against the Conservative Loan Company. Judgment for defendant, and plaintiff appeals. Affirmed.

T. B. Wilkins, for plaintiff in error.

Stanard, Wahl & Ennis, for defendant in error.

HARDY, J. Odessa Wright brought an action in the district court of Love county, seeking the cancellation of certain notes and a mortgage executed by her to the Conservative Loan Company. Judgment was for defendant, and plaintiff appeals.

Plaintiff is a Chickasaw freedman, and applied to defendant for a loan of $400 upon her allotment, to secure the payment of which the notes and mortgage were executed. The application for a loan was accepted, and check therefor transmitted to the Marietta Land & Loan Company, to be delivered to plaintiff, but was deposited to her credit in the Marietta National Bank, where it was

afterwards garnished and applied to the satisfaction of a judgment against her. Upon trial of this case, evidence was offered tending to show that plaintiff had authorized her father, William Mims, to represent her in the matter of the loan, and that the money was deposited in the First National Bank upon the direction of Mims, and evidence of these facts was admissible as tending to establish authority upon the part of Mims as agent of plaintiff to direct the disposition of the proceeds.

Whether the admission of this evidence be error, still the judgment must be affirmed. When the proceeds of the check were impounded by the service of the writ of garnishment, plaintiff appeared in that action and claimed the money, and sought to show that same was exempt from garnishment, because realized from a mortgage of her homestead. Upon trial of that action, judgment was rendered in favor of the plaintiff therein against plaintiff here, who was defendant therein, denying her claim of exemption, and said money was by order and judgment of the court applied in satisfaction of its judgment, which order and judgment was unappealed from, and was at the time of the trial herein final and conclusive. This conduct upon her part amounted to a ratification of the acts of Mims, and after she ratified such acts, and claimed the money as her own, she cannot now be heard to say that she had not received the consideration for the notes and mortgage, which she seeks to have canceled. Besides, the judgment in that case established the fact that the money garnished was hers, and applied it upon the judgment against her.

The judgment of the trial court appears to be right, and is therefore affirmed.